IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |  |
|---|---|---|
| ARMA GENE CHISM-BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:23-CV-2628-G |
| QUIKTRIP CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the amended motion for summary judgment of the defendant QuikTrip Corporation ("QuikTrip" or "defendant") (docket entry 13). For the reasons discussed below, QuikTrip's motion is granted.

### I. BACKGROUND

This case concerns a slip-and-fall accident that occurred at QuikTrip's store located at 511 South Zang Boulevard in Dallas, Texas ("the premises"). *See generally* Plaintiff's Original Petition ("Petition"), *attached to* Defendant's Notice of Removal ("Notice") (docket entry 1). On December 22, 2021, the plaintiff Arma Gene Chism-Brown ("Chism-Brown") slipped on a puddle of water allegedly on the floor of the premises. *Id.* ¶ 5.01. As a result, Chism-Brown claims that she sustained injuries and damages. *Id.* ¶ 9.01. QuikTrip maintains that Chism-Brown "has not shown the

Court what she slipped upon, and her photographs do not show anything being spilled onto the floor." Defendant's Reply in Support of its Amended Motion for Summary Judgment ("Reply") (docket entry 17) at 1; *see also* Defendant's Appendix in Support of its Amended Motion for Summary Judgment ("Defendant's Appendix") (docket entry 13-3) at App. 0014.

On November 1, 2023, Chism-Brown filed suit against QuikTrip in the County Court at Law No. 1 of Dallas County, Texas. *See generally* Petition. She asserts only a premises liability claim against QuikTrip. *Id*.

On November 29, 2023, QuikTrip removed the case to this court on the basis of diversity of citizenship jurisdiction, *see* Notice at 1, and now moves for summary judgment, *see* Defendant's Amended Motion for Summary Judgment (docket entry 13).

## II.  ANALYSIS

### A.  Legal Principles

1.  *Evidentiary Burdens on Motion for Summary Judgment*[1]

Summary judgment is proper when the pleadings, depositions, admissions, disclosure materials on file, and affidavits, if any, "show[ ] that there is no genuine

---

[1] The court agrees with QuikTrip that Chism-Brown "incorrectly roots her summary judgment response upon a foundation of state court rules of civil procedure and legal standards, none of which apply to this federal lawsuit." *See* Reply at 1; *see also* Plaintiff Arma Gene Chism-Brown's Brief in Support of the Denial of Defendant QuikTrip Corporation's Motion for Summary Judgment ("Response") (docket entry 15) at 12-15.

dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a), (c)(1).[2] A fact is material if the governing substantive law identifies it as having the potential to affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; see also *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001) ("An issue is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham."). To demonstrate a genuine issue as to the material facts, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Company v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986). The nonmoving party must show that the evidence is sufficient to support the resolution of the material factual issues in its favor. *Anderson*, 477 U.S. at 249 (citing *First National Bank of Arizona v. Cities Service Company*, 391 U.S. 253, 288-89 (1968)).

When evaluating a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party. *Id.* at 255 (citing *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 158-59 (1970)). However, it is not incumbent upon the court to comb the record in search of evidence that creates a

---

[2] Disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Company*, 780 F.2d 1190, 1197 (5th Cir. 1986).

genuine issue as to a material fact. See *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). The nonmoving party has a duty to designate the evidence in the record that establishes the existence of genuine issues as to the material facts. *Celotex Corporation v. Catrett*, 477 U.S. 317, 324 (1986).

### 2. *Premises Liability Under Texas Law*

A landowner's "premises-liability duty is to either make safe or warn invitees of concealed dangers of which the landowner is or should be aware but the invitee is not; and . . . in most cases, a landowner owes no duty to protect an invitee against a dangerous condition that is open and obvious or known to the invitee . . . ." *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 201 (Tex. 2015). A plaintiff who qualifies as an invitee (*i.e.*, "one who enters on another's land with the owner's knowledge and for the mutual benefit of both"), *Rosas v. Buddies Food Store*, 518 S.W.2d 534, 536 (Tex. 1975) (citations omitted), must prove four elements to succeed on a premises liability claim against the owner:

> (1) Actual or constructive knowledge of a condition on the premises by the owner or occupier;
>
> (2) That the condition posed an unreasonable risk of harm;
>
> (3) That the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and
>
> (4) That the owner or occupier's failure to use such care proximately caused the plaintiff's injury.

*CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000) (citations omitted).

QuikTrip does not contest Chism-Brown's status as an invitee. *See generally* Defendant's Brief in Support of its Amended Motion for Summary Judgment ("Motion") (docket entry 13-2). QuikTrip maintains, as a matter of law, it is entitled to summary judgment because Chism-Brown cannot satisfy a threshold element – *viz.*, that QuikTrip had actual or constructive knowledge of a condition on the premises by the owner or occupier that caused the incident – of her premises liability cause of action.[3] *Id*. at 9-12.

To satisfy the first element of a premises liability claim, a plaintiff can demonstrate either the owner's actual or constructive knowledge of a dangerous condition. *Keetch v. Kroger Company*, 845 S.W.2d 262, 265 (Tex. 1992). In slip-and-fall cases, a plaintiff establishes actual knowledge by proving "the defendant placed the substance on the floor [or] actually knew that the substance was on the floor . . . ." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). Constructive knowledge requires a showing that "it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Id.* A prerequisite to proving an "owner's constructive knowledge of a hazardous condition [is] show[ing] that the hazardous condition existed for some definite

---

[3] Alternatively, QuikTrip asserts that it provided adequate warning as a matter of law as videotape evidence shows Chism-Brown walking past at least four yellow caution cones in the store. Motion at 12-15; Reply at 3-4. She admits that she did not see the caution cones on the day of the incident. *See* Defendant's Appendix at App. 0019-0020.

length of time." *Sturdivant v. Target Corporation*, 464 F. Supp. 2d 596, 602 (N.D. Tex. 2006) (Lynn, J.) (citing *Reece*, 81 S.W.3d at 815). "Texas adopted this 'time-notice' rule because 'temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition.'" *Id.* (quoting *Reece*, 81 S.W.3d at 816).

### B.  Application

Chism-Brown has proffered no evidence that QuikTrip placed the substance on the floor or actually knew the substance was on the floor. See *Reece*, 81 S.W.3d at 814. Moreover, she admits that QuikTrip had no actual knowledge that a puddle of water existed on the floor prior to the incident. *See* Defendant's Appendix at App. 0009.[4] Chism-Brown thus must demonstrate QuikTrip's constructive knowledge, which first requires proving a length of time the substance was on the floor. Under Texas law, this showing requires a plaintiff to present evidence of how long the condition existed prior to her fall; absent such evidence, the defendant is entitled to summary judgment. See *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936-38 (Tex. 1998).

---

[4]  Admit You have no evidence QuikTrip had ***actual*** knowledge the Puddle of Water existed on the floor of the Store before The Incident.

**RESPONSE**:  Admit

Defendant's Appendix at App. 0009 (emphasis in the original).

QuikTrip directs the court to the judicial admissions and deposition testimony of Chism-Brown, in which she stated that she did not see a liquid substance on the ground before she fell, did not know how liquid came to be on the ground, how long liquid had been on the ground, and did not think that a QuikTrip employee or customer had noticed the liquid.  See, *e,g.*, Defendant's Appendix at App. 0006-App. 0009, 0014, 0016, 0024;[5] *see also* Motion at 1-4.

---

[5]      Admit You have ***no personal knowledge*** regarding the ***specific amount of time*** the Puddle of Water existed on the floor of the Store before the Incident.

**RESPONSE**:  **Admit**

Admit You are aware of no eyewitnesses who saw the Puddle of Water on the floor of the Store before the Incident.

**RESPONSE**:  **Admit**

Admit You have no evidence to show how long [the] Puddle of Water existed on the floor of the Store before the Incident.

**RESPONSE**:  **Admit**

Admit You have ***no personal knowledge*** regarding how the Puddle of Water came to be on the floor of the Store before the Incident.

**RESPONSE**:  **Admit**

Admit You are aware of no eyewitnesses who know how the Puddle of Water came to be on the floor of the Store before the Incident.

(continued...)

Chism-Brown theorizes that QuikTrip created a dangerous condition "by mopping the floor with wet mop[.]" Response at 4. However, Chism-Brown admits that she did not know the source of the water at the time of the incident. Motion at 3 ("[A]lthough Plaintiff assumes the water came from a QuikTrip employee mopping the floor, the video does not show water on the floor[.]"); *see also* Defendant's Appendix at App. 0014, App. 0019-App. 0020, App. 0024 ("Q. And since you can't see [the water] on the video, it's fair to say you've never actually laid your eyes on the thing that you slipped on. Fair? A. Fair.").

---

[5](...continued)
**RESPONSE**: Admit

Admit You have no evidence to show how the Puddle of Water came to be on the floor of the Store before the Incident.

**RESPONSE**: Admit

* * *

Admit You have ***no personal knowledge*** regarding how much time elapsed between the time a QuikTrip employee last inspected the area where You fell and the time the Puddle of Water first came to exist on the floor of the Store.

**RESPONSE**: Admit

Defendant's Appendix at App. 0006, App. 0008 (emphasis in the original).

Chism-Brown has presented no evidence that QuikTrip had actual or constructive knowledge of water on the floor. Because Chism-Brown has not established a genuine issue of material fact regarding the knowledge element – an essential element of her premises liability claim – summary judgment for QuikTrip is proper. See *Dunn v. Wal-Mart Stores, Inc.*, No. 3:17-CV-1187-K, 2018 WL 4772408, at *4 (N.D. Tex. Oct. 3, 2018) (Kinkeade, J.) ("Even if the condition was not open and obvious and known to Plaintiff, her premises liability claim would still fail because she did not create a genuine issue of material fact as to the required notice element."). Therefore, Chism-Brown has failed to establish that QuikTrip knew or reasonably should have known of the condition – entitling QuikTrip to summary judgment on Chism-Brown's premises liability claim. See *Brookshire Grocery Company v. Taylor*, 222 S.W.3d 406, 409 (Tex. 2006).

### III.  CONCLUSION

For the reasons discussed above, the defendant's amended motion for summary judgment is **GRANTED**. Judgment will be entered for QuikTrip.

**SO ORDERED**.

September 26, 2025.

_____
**A. JOE FISH**
**Senior United States District Judge**